**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4438**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT LOUIS MILES,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., District Judge. (CR-96-20)

Submitted: October 22, 2004      Decided: November 22, 2004

Before LUTTIG, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robert Louis Miles appeals the district court's imposition of a twenty-four month term of imprisonment upon the revocation of his supervised release.

In 1996, Miles pleaded guilty to theft of an interstate shipment of freight from a motor truck. See 18 U.S.C. § 659 (1994). The district court sentenced Miles to six months' imprisonment, to be followed by a three-year term of supervised release.

In 1997, Miles' probation officer filed a petition seeking Miles' arrest and revocation of his supervised release based on several violations of the conditions of supervised release. At the time the petition was filed, however, Miles had absconded from supervision and his whereabouts were unknown.

In October 2003, Miles was arrested by New Jersey police officers for possession of cocaine. Miles' probation officer then filed an amendment to the petition, noting Miles' new violations based upon the New Jersey arrest. At the revocation hearing, the district court found Miles had committed the violations and revoked Miles' supervised release.

Because Miles' underlying offense is a Class C felony, the maximum term of imprisonment imposed upon the revocation of supervised release may not exceed two years. See 18 U.S.C. § 3583(e)(3) (2000). Because Miles' sentence does not exceed the

statutory maximum term set forth in § 3583(e), we review the sentence only to determine whether it is "plainly unreasonable." 18 U.S.C. §§ 3742(a)(4), 3742(e)(4) (2000). Given the facts of this case, we cannot say that a twenty-four month sentence is plainly unreasonable. Accordingly, we affirm the district court's imposition of a twenty-four month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED